IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEFAN KROL and DEANNA KROL,** | : | No. 3:14cv1949 |
| **Plaintiffs** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **ALLSTATE INSURANCE COMPANY** | : | |
| **and ATUL K. AMIN, MD, PC,** | : | |
| **Defendants** | : | |

## MEMORANDUM

Before the court for disposition is Plaintiffs Stefan Krol and Deanna Krol's (hereinafter "plaintiffs") motion to remand the instant matter to the Pike County Court of Common Pleas. (Doc. 3). The motion is fully briefed and ripe for disposition.

**Background**

This case arises from an automobile insurance policy plaintiffs purchased from Defendant Allstate Insurance Company (hereinafter "Allstate"). (Doc. 4-2, Ex. B, Compl. (hereinafter "Compl.") ¶ 5).

On August 14, 2011, an uninsured driver rear-ended plaintiffs' motor vehicle causing significant injuries to Plaintiff Stefan Krol. (Id. ¶¶ 7-10, 47-48). Defendant Atul K. Amin, MD, PC (hereinafter "Dr. Amin") provided medical services and treatment to Plaintiff Stefan Krol. (Id. ¶ 11). Allstate, however refused to pay Dr. Amin's medical bills, asserting a peer review organization determined Stefan Krol's injuries were not causally related to the accident. (Id. ¶¶ 13, 22-26).

On September 20, 2013, Dr. Amin filed a lawsuit against Stefan Krol

regarding the unpaid medical bills in the Northampton County Court of Common Please (hereinafter "Northampton County action") asserting breach of contract and unjust enrichment claims. (Doc. 9-1, Ex. C, Northampton Cnty. Compl.). Stefan Krol filed preliminary objections contending Pennsylvania's Motor Vehicle Financial Responsibility Law, 75 PA. CONS. STAT. § 1797(b)(7) (hereinafter "section 1797(b)(7)"), precludes Dr. Amin's claims.[1] (Doc. 7-2, Ex. E., Def. Amin Prelim. Objections ¶ 8). The Northampton County Court of Common Please denied the preliminary objections. (Doc. 8-1, Ex. B, order dated 3/11/14). On April 24, 2014, Stefan Kroll filed an answer and new matter in the Northampton County action (Doc. 8-1, Ex. C), averring section 1797(b)(7) precludes Dr. Amin's claims. (Id. at 23).

---

[1] In full, section 1797(b)(7) provides:

> **Determination in favor of insurer.**–If it is determined by a PRO or court that a provider has provided unnecessary medical treatment or rehabilitative services or merchandise or that future provision of such treatment, services or merchandise will be unnecessary, or both, the provider may not collect payment for the medically unnecessary treatment, services or merchandise. If the provider has collected such payment, it must return the amount paid plus interest at 12% per year within 30 days. In no case does the failure of the provider to return the payment obligate the insured to assume responsibility for payment for the treatment, services or merchandise.

75 PA. CONS. STAT. § 1797(b)(7)

2

Subsequent to the commencement of the Northampton County action, on August 13, 2014, plaintiffs initiated a lawsuit in the Pike County Court of Common Pleas (hereinafter "Pike County action") against Allstate and Dr. Amin.  Plaintiffs assert breach of contract and bad faith claims against Allstate.  (Compl. ¶¶ 18-55).  Additionally, plaintiffs seek a declaration under Pennsylvania state law that section 1797(b)(7) precludes Dr. Amin's claims.  (Id. ¶¶ 56-63).

Allstate filed a notice of removal on October 7, 2014.  (Doc. 1).  Allstate avers the court has jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332.  (Id. ¶ 4).   Plaintiffs then filed a motion to remand the instant action to the Pike County Court of Common Pleas.  (Doc. 3).  Plaintiffs argue Allstate has failed to sufficiently establish that the citizenship of the parties is diverse.  The parties then briefed the issues bringing the case to its present posture.

**Legal Standard**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States."  Federal law, however, precludes removal based on diversity of citizenship "if any of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought."  28 U.S.C. § 1441(b)(2).

Thus, a defendant asserting federal diversity jurisdiction may only remove an action to federal court where the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000.00.  28 U.S.C. § 1332(a).

**Discussion**

On October 7, 2014, Allstate removed the instant matter from the Pike County Court of Common Pleas, asserting the court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332.  Generally, a defendant can remove a state court civil action to a United States District Court if the federal court would have had original jurisdiction to address the matter.  28 U.S.C. § 1441.  Once a case is removed, the federal court may remand it if the court determines that it lacks federal subject matter jurisdiction.  28 U.S.C. § 1447(c).[2]  "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand."  Brown v. Francis, 75 F.3d 860, 864-65 (3d Cir. 1996) (quoting Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985)).  The burden of establishing jurisdiction in the removal situation rests with the defendant.  Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006,

---

[2]  In pertinent part, 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

1010 (3d Cir. 1987).

In the notice of removal, Allstate indicates the court has diversity jurisdiction under 28 U.S.C. § 1332.  (Doc. 1, Notice of Removal ¶ 4).  Pursuant to this statutory section, jurisdiction is proper in federal district court where the action involves citizens of different states and an amount in controversy, exclusive of interest and costs, in excess of $75,000.00.  28 U.S.C. § 1332(a).  Plaintiffs move to remand asserting Allstate has failed to established that the parties have diverse citizenship.

**A.  Diversity of citizenship**

The instant matter has two plaintiffs–Stefan and Deanna Krol–and two defendants–Allstate and Dr. Amin.  The notice of removal states: "Plaintiffs are individuals who identify their address as within the Commonwealth of Pennsylvania and, upon information and belief, are citizens of the Commonwealth of Pennsylvania.  (Doc. 1, Notice of Removal ¶ 5).  It further avers: "Defendant Allstate Insurance Company is an insurance company incorporated under the laws of the State of Illinois, with its principal place of business in the State of Illinois and is a citizen of the State of Illinois.  (Id. ¶ 6).  Finally, "Defendant Atul Amin, MD, PC . . . is a Pennsylvania corporation with its principal place of business in the Commonwealth of Pennsylvania[,] which has been fraudulently joined in this case solely for the purpose of defeating diversity and preventing removal of this case to this court."  (Id. ¶ 7).  The

Notice of Removal, therefore, establishes that the plaintiffs and Defendant Amin have the same citizenship–Pennsylvania. Accordingly, the instant matter lacks complete diversity of citizenship.

**B.  Fraudulent Joinder**

Acknowledging the lack of complete diversity of citizenship, Allstate argues plaintiffs fraudulently joined Dr. Amin as a defendant to preclude removal. Allstate contends that plaintiffs' Pike County complaint asserts several causes of action against Allstate, including breach of contract and bad faith, arising from plaintiffs' August 14, 2011 automobile accident. Plaintiffs, however, only assert one cause of action against Dr. Amin seeking declaratory relief under Pennsylvania's Motor Vehicle Financial Responsibility Law, 75 PA. CONS. STAT. §§ 1701 *et seq.*

Allstate avers plaintiffs' claim for declaratory relief in the Pike County action is the same cause of action stated in a counterclaim plaintiffs filed in a prior pending action in Northampton County, and, therefore is precluded under the doctrine of *lis pendens*. Because plaintiffs' claim in the Pike County action against Dr. Amin is improper, the court should dismiss Dr. Amin from the instant matter and allow plaintiffs only to proceed against Allstate. The court disagrees.

To successfully assert the defense of *lis pendens*–the pendency of a prior action–in Pennsylvania, the asserting party must establish that "the prior

case is the same, the parties are the same, and the relief requested is the same." Richner v. McCance, 13 A.3d 950, 957-58 (Pa. Super. Ct. 2011). "[T]he burden is on the moving party to show that in each case the same parties are involved, the same rights asserted, and the same relief sought." Id.; see also Va. Mansions Condo. Ass'n v. Lampl, 552 A.2d 275, 278 (Pa. Super Ct. 1988) (stating that the defense of *lis pendens* is inapplicable unless all three elements are present.). The determination of whether two actions involve the same parties, causes of action and requested relief "is purely a question of law determinable from an inspection of the records in the two causes." Hessenbruch v. Markle, 45 A. 669, 671 (Pa. 1900). Here, the parties do not contest the first two elements. Rather, the parties disagree regarding whether the relief requested in both the Northampton and Pike County cases is the same.

    Allstate asserts plaintiffs' requested relief is the same because both cases raise the same issue for resolution–whether Plaintiff Stefan Krol is liable to Dr. Amin. To support its assertion, Allstate relies on a recent Pennsylvania Superior Court case, Richner v. McCance, 13 A.3d 950 (Pa. Super. Ct. 2011). In Richner, The Pennsylvania Superior Court noted that the requested relief is the same if the parties "raise the same issue for resolution . . . ." Id. at 959. According to Allstate, the Northampton and Pike County actions raise the same issue for resolution, namely, whether plaintiff is liable

7

to Dr. Amin.  Thus, the requested relief is the same.

Allstate, however, omits the very next line is <u>Richner</u> stating that "the parties in both cases seek the **same relief**, namely **declaratory relief** in their favor regarding the applicability (or lack thereof) of [an insurance exclusion]." <u>Id.</u> (emphasis added).  The parties in <u>Richner</u>, therefore, requested the **same** relief in both actions–declaratory relief.  <u>Id.</u>

In the instant matter, plaintiffs requested relief is not the same.  Plaintiffs request monetary relief in the Northampton County action and declaratory relief in the Pike County action.  <u>Richner</u> is therefore distinguishable and *lis pendens* does not preclude plaintiffs' Pike County action against Dr. Amin because the requested relief is not the same.  <u>See</u> <u>Davis Cookie Co., Inc. v. Wasley</u>, 566 A.2d 870, 873-74 (Pa. Super. Ct. 1989) (holding that the third element is not satisfied when a party seeks equitable relief in the first case and monetary relief in the second case); <u>see also</u> <u>Pentox Tech., Inc. v. Foster Med. Corp.</u>, 546 A.2d 114, 115 (Pa. Super Ct. 1988) (finding that *lis pendens* does not preclude a subsequent action for monetary damages arising from a breach of contract when the first action requested a declaratory judgment to determine whether a breach of contract action on the same contract could be maintained).

In short, plaintiffs' seek declaratory relief in Pike County and monetary relief in Northampton County establishing that the relief requested is not the

same. The doctrine of *lis pendens*, therefore, fails to preclude plaintiffs' Pike County claim against Dr. Amin and he is a proper defendant in that action. Because Dr. Amin is a proper defendant in the Pike County action and his citizenship is the same as plaintiffs, Pennsylvania, Allstate's removal under 28 U.S.C. 1332 fails, and the court will remand this matter back to the Pike County Court of Common Pleas.

**Conclusion**

For the above-stated reasons, the court will remand the instant action back to the Pike County Court of Common Pleas. Defendants assertion that the court has jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332 fails. Plaintiffs are Pennsylvania citizens. Similarly, Defendant Amin is a Pennsylvania citizen. As such, the citizenship of the parties is not diverse precluding removal under 28 U.S.C. § 1332.[3] An appropriate order follows.


**Date:   03/06/15**                          **s/ James M. Munley**
                                              **JUDGE JAMES M. MUNLEY**
                                              **United States District Court**

---

[3] Allstate's contention that plaintiffs' Pike County action for declaratory relief must be dismissed because he waited almost a year after being sued in Northampton County to bring his claim for declaratory relief lacks merit. Plaintiffs' claim is within the statute of limitations, and therefore, proper.